UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

June 29, 2021

LETTER TO COUNSEL

    RE:    *Myisha G. v. Saul*
              Civil No. DLB-19-720

Dear Counsel:

Mr. Melanson has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of plaintiff before this Court. ECF 20. In response, the Commissioner asked the Court to consider whether Mr. Melanson's requested fee is reasonable. ECF 21. I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Mr. Melanson's motion for attorney's fees is GRANTED.

On March 27, 2020, this Court awarded Mr. Melanson $4,452.88 for 21.50 hours worked on plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 19; *see* ECF 17. Plaintiff subsequently received a favorable decision, which resulted in an award of past-due benefits. ECF 20-1 8, 9. Mr. Melanson filed a Line seeking $12,863.72, or 25 percent of plaintiff's past-due benefits, in attorney's fees less $6,000 already paid in administrative fees. ECF 20. Mr. Melanson has agreed to reimburse plaintiff for EAJA fees he previously received. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

An attorney who successfully represents a claimant before this Court may receive a reasonable fee not to exceed 25 percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b). A court must "independent[ly] check" each agreement to ensure the agreement yields a "reasonable" result. *Gisbrecht*, 535 U.S. at 807. A court reviewing for reasonability properly considers the "character of the representation and the results the representative achieved" and may require the attorney to provide a record of hours spent working on the case and his typical hourly rate. *Id.* at 808. A fee resulting in a "windfall" to the attorney is likely not reasonable. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)); *see also Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (interpreting *Gisbrecht* as establishing that "a reduction in the contingent fee may be appropriate when," *inter alia*, "past-due benefits 'are large in comparison to the amount of time counsel spent on the case'").

The Court may only award attorneys' fees under 42 U.S.C. § 406(b) for representation in court or for "court-related work." *Mudd*, 418 F.3d at 428. However, the court may consider, "as one factor in its reasonableness determination, the time spent and work performed by counsel on

the case when it was pending at the agency level." *Id.* Such consideration is appropriate insofar as it gives the court "a better understanding of factors relevant to its reasonableness inquiry, such as the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Id.*

Here, Mr. Melanson and plaintiff entered into a contingent fee agreement, by which plaintiff agreed to pay him 25 percent of all retroactive benefits to which she might become entitled. ECF 17-5. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Melanson submitted an itemized report documenting 21.5 chargeable hours he worked on plaintiff's case in this court. *See* ECF 17-7 (listing a total of 24.5 hours, three of which were spent on clerical and administrative tasks marked "NO CHARGE"). If Mr. Melanson receives the full amount of fees he requests, his fee for representation will effectively be $598.31 per hour. Mr. Melanson must therefore show that an effective rate of $598.31 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Melanson's typical hourly billing rate is $300.00. ECF 17-6 ¶ 6. This is at the top of the presumptively reasonable hourly rate commensurate with Mr. Melanson's experience pursuant to the Local Rules of this Court.[1] Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490, at *3 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with an hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with an hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with an hourly rate of $1,028.14). This Court has routinely approved a higher hourly rate for Mr. Melanson. *See Makeita H. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1643 (D. Md. Aug. 2, 2019); *Craig C. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-2782 (D. Md. May 10, 2019); *Dewain S. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-0716 (D. Md. Jan. 11, 2019). This case is no exception. In taking the case on a contingency fee, Mr. Melanson agreed to the possibility of no fees, and his client agreed to pay him 25 percent of all retroactive benefits to which she might become entitled. Further, Mr. Melanson represented plaintiff in her administrative hearing after the Court's remand in this case. ECF 20-1 4. While this Court may not award Mr. Melanson fees under 42 U.S.C. § 406(b) for his representation of plaintiff at the administrative level, the Court can consider that representation as part of its reasonableness analysis. *Mudd*, 418 F.3d at 428. In this case, Mr. Melanson's effective

---

[1] Although they do not govern Social Security cases, guidelines regarding hourly rates are published in the District of Maryland's Local Rules. These guidelines provide a suitable framework with which to evaluate the reasonableness of hourly rates in Social Security cases. *See* Loc. R. App'x B (D. Md. 2018); *see, e.g.*, *Arvie W. v. Cmm'r, Soc. Sec. Admin.*, No. SAG-17-1148, 2019 WL 3975187, at *2 (D. Md. Aug. 22, 2019) (using the guidelines to assess the reasonability of fees requested by a Social Security claimant's counsel). Currently, Mr. Melanson has between five and eight years of experience. ECF 17-6 ¶ 5. The presumptively reasonable hourly rate for attorneys admitted to the bar for five to eight years is between $165.00 and $300.00. Loc. R. App'x B(3)(b).

*Myisha G. v. Saul*
Civil No. DLB-19-720
June 29, 2021
Page 3

advocacy resulted in a favorable decision for plaintiff, whose back benefits were significant. Even though the effective hourly rate is almost double Mr. Melanson's typical hourly rate, the requested fee is reasonable in light of Mr. Melanson's direct role in plaintiff's successful claim and should be approved.[2]

For the reasons set forth herein, this Court GRANTS Mr. Melanson's motion seeking attorney's fees, ECF 20. This Court will award Mr. Melanson attorney's fees totaling $6,863.72. Mr. Melanson is directed to reimburse plaintiff the $4,452.88 he received pursuant to the EAJA.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge

---

[2] The Commissioner argues that Mr. Melanson "presents no arguments that the fee he requests is reasonable, . . . nor does he apply the Fourth Circuit's factors of reasonableness to his case." ECF 21 2. However, Mr. Melanson addressed this issue in his initial motion for attorney's fees, in which he addressed both the EAJA and 42 U.S.C. § 406(b). *See* ECF 17. It is standard practice in the District of Maryland to consider the arguments in related attorney's fees submissions to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.